**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ALEJANDRO ALBA-HEREDIA, | No. 13-72609 |
| Petitioner, | Agency No. A044-795-005 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Juan Alejandro Alba-Heredia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision pretermitting his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

questions of law. *Perez-Mejia v. Holder*, 663 F.3d 403, 409 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency properly concluded that Alba-Heredia's conviction for conspiracy to possess with intent to distribute marijuana under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vii) is an aggravated felony that renders him removable and ineligible for cancellation of removal. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1229b(a) (cancellation is not available to an alien who has committed an aggravated felony); *Moncrieffe v. Holder*, 133 S.Ct. 1678, 1683 (2013) (a conviction under the Controlled Substances Act [21 U.S.C. § 801 *et seq.*] that is punishable by more than one year imprisonment is an aggravated felony for immigration purposes); 21 U.S.C. § 841(b)(1)(B)(vii) (conviction punishable by no less than 5 years imprisonment).

Contrary to Alba-Heredia's contentions, the intervening decisions in *Moncrieffe*, 133 S.Ct. 1678 (addressing whether a state conviction qualifies as an aggravated felony for immigration purposes), and *Negrete-Ramirez v. Holder*, 741 F.3d 1047 (9th Cir. 2014) (addressing the type of "admission" needed for purposes of a waiver of inadmissibility under INA § 212(h)) are inapplicable, where Alba-Heredia was convicted of a felony under federal statutes and did not seek a § 212(h) waiver.

13-72609

Alba-Heredia's contentions that the agency erred and violated due process by considering a report from the Drug Enforcement Administration and by relieving the government of its burden of proof on removability are not supported by the record.

We lack jurisdiction to consider Alba-Heredia's unexhausted contentions regarding a request for a continuance to seek representation prior to entering his pleadings and admissions, and advisals from the IJ regarding the consequences of conceding the charge of removability. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**